United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRIEG E. SIBILLE, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:20-cv-01744 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RUBRIK, INC, | § | |
| Defendant. | § | |

**ORDER DENYING SUMMARY JUDGMENT**

The motion for summary judgment by Defendant Rubrik, Inc is denied. Dkt 20.

1. Background

Plaintiff Kreig Sibille was hired by Defendant Rubrik, Inc as an account executive in October of 2017. Dkt 7 at 2. His supervisor was John Elliott. He and Sibille maintained a prickly relationship throughout Sibille's employment. Sibille first gave notice to Elliott in March of 2018 that he had Crohn's Disease. Dkt 25 at 8. Prior to that, Sibille had received a promotion in early 2018. Dkt 7 at 2.

Rubrik replaced its area vice president with John Quinsey in late April or early May of 2018. Quinsey was tasked with revitalizing the Texas, Oklahoma, Louisiana, and Arkansas region—known as *TOLA*. Dkt 20 at 7. Quinsey directed Elliott to place Sibille on a personal improvement plan in late August of 2018. Id at 13. Sibille was then fired in late November of 2018 for failure to complete the PIP. Four other sales representatives and Elliott were also eventually terminated in the TOLA region. Id at 8.

Sibille brought this action in state court against Rubrik in April of 2020, alleging disability discrimination and

retaliation under Chapter 21 of the Texas Labor Code. Dkt 1 at 1. Rubrik removed the case in May of 2020. Id. Plaintiff Sibille later amended his complaint to allege violations of the Americans with Disabilities Act, as amended, 42 USC §§ 12101, et seq. Dkt 10 at 2.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting

2

trial. *Nola Spice*, 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

### 3. Analysis

In both a discriminatory-termination action under the ADA and a retaliation action, the Plaintiff "must carry the initial burden under the statute of establishing a prima facie case." *McDonnell Douglas Corp v Green*, 411 US 792, 802 (1973); see also *EEOC v. LHC Group, Inc*, 773 F.3d 688, 694 (5th Cir. 2014) (applying *McDonnell Douglas* to discrimination claims); *Lyons v Katy Independent School District*, 964 F3d 298, 304 (5th Cir 2020) (applying *McDonnell Douglas* to retaliation claims). If the Plaintiff carries his burden, then "[t]he burden then must shift to the employer." *McDonnell Douglas*, 411 US at 802.

#### a. Discrimination claim

To establish a *prima facie* discrimination claim, a plaintiff must prove (i) that he or she has a disability, (ii) that he or she was qualified for the job, and (iii) he or she was subject to an adverse employment decision on account of his or her disability. *EEOC v. LHC Group, Inc*, 773 F.3d at 697; see also *Rodrigues v Eli Lilly*, 820 F3d 759, 765 (5th Cir 2016).

The parties dispute whether Sibille has established a causal connection between his disability and the adverse employment action. Sibille asserts a causal connection due to certain disputed comments, such as Elliott's remarks to other employees about Sibille's "bloody diarrhea," and Quinsey's email to human resources that referred to dealing with Sibille's Crohn's Disease as "the fun stuff." Dkt 25 at 11, 19–20, & 49. Sibille also points to Rubrik's failure to provide reasonable accommodation after he gave notice of his disability. Dkt 25 at 19, 23.

Rubrik counters that Quinsey had no knowledge of Sibille's Crohn's Disease until *after* Quinsey determined Sibille should likely be replaced, and *after* Quinsey directed Elliott to place Sibille on a PIP. Dkt 20 at 20. Rubrik

contends that Sibille's issues with Elliott began before he informed Elliott of his Crohn's disease. Id at 21. Additionally, whether or not Elliott had discriminatory animus is immaterial because Quinsey was the final decisionmaker. Id at 21–22.

The parties also dispute whether the reasons given for Sibille's termination were mere pretext. Sibille alleges that Rubrik's "reason for termination is unworthy of credence" because Rubrik failed to follow the 30-day PIP and treated similarly situated employees more favorably. Dkt 25 at 20. Sibille argues that he met all the PIP metrics as well. Id at 22.

On this point, Rubrik contends that Sibille cannot show pretext because Quinsey "developed a very poor perception of Sibille's performance before Quinsey knew about his Crohn's disease, and that perception continued throughout the PIP." Dkt 20 at 22. In fact, Rubrik asserts Quinsey believed Sibille would likely be terminated even before the PIP, and there's no evidence Sibille met the PIP metrics or was treated differently than other similarly situated employees. Dkts 26 at 4 & 20 at 22.

Genuine disputes of material fact exist as to whether there was a causal connection between Sibille's termination and his disability, and whether his termination was pretextual. Such questions, then, are for the jury.

### b. Retaliation claim

To establish a *prima facie* retaliation claim, a plaintiff must prove (i) he or she engaged in activity protected by Title VII, (ii) an adverse employment action occurred, and (iii) a causal link existed between the protected activity and the adverse action. *Banks v East Baton Rouge School Bd*, 320 F3d 570, 575 (5th Cir 2003) (citation and quotation marks omitted); see also *Lyons v Katy Independent School District*, 964 F3d at 304.

The parties dispute whether Sibille participated in a protected activity, and whether there is a causal connection between the protected activity and the adverse action.

4

Sibille contends that he engaged in a protected activity when he gave notice to Allison Davis in human resources that he had Crohn's Disease and that stress and mismanagement exacerbated his symptoms in September 2018. Dkt 25 at 23. He also alleges that he engaged in protected activity when he "informally requested accommodations from Davis" in late October of 2018. Dkt 25 at 22–23. Rubrik claims that Sibille's alleged complaints to Elliott, Young, and Davis "are not protected activity because he never stated he was being discriminated or retaliated against on the basis of his disability, and he never asked for an accommodation." Dkt 20 at 24.

The parties likewise dispute whether Quinsey's adverse employment decision was pretextual. Plaintiff asserts that Rubrik's stated "reason for termination was pretext to cover up a discriminatory and retaliatory intent to end Plaintiff's employment because of the inconsistencies" in the handling of Sibille's PIP. Dkt 25 at 24. Rubrik responds that Sibille cannot show pretext because "he cannot show that his protected activity (which did not occur) was the but-for cause of his termination." Dkt 20 at 24, citing *University of Texas Southwestern Medical Center v Nassar*, 570 US 338, 362 (2013).

Genuine disputes of material fact exist as to whether Sibille engaged in a protected activity, whether there was a causal connection between Sibille's termination and the engagement in a protected activity, and whether explanations for his termination were pretextual. These are again questions for the jury.

4. Conclusion

The motion by Defendant Rubrik for summary judgment is DENIED.

5

SO ORDERED.

Signed on September 30, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge